**Donna L. DODSON, Plaintiff,**

v.

**REMCO ENTERPRISES, INC., t/a Remco TV Rental, Defendant.**

Civ. A. No. 79–1132–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 23, 1980.

James M. Stafford, Tidewater Legal Aid Society, Virginia Beach, Va., for plaintiff.

Byron P. Kloeppel, Cooper, Davis, Kilgore, Parker, Leon & Fennell, P. C., Portsmouth, Va., for defendant.

OPINION AND ORDER

CLARKE, District Judge.

This matter is before the Court to determine whether the form agreement of Remco Enterprises, Inc., t/a Remco TV Rental (Remco) is a "consumer lease" or "credit sale" within the scope of the statutory and regulatory definitions and thus subject to the disclosure requirements of the Federal Consumer Leasing Act, 15 U.S.C. § 1667a and Regulation Z, 12 C.F.R. § 226.15, or the Federal Truth-In-Lending Act, 15 U.S.C. § 1638 and Regulation Z, 12 C.F.R. § 226.-8(c).

In September 1979, the plaintiff entered into an agreement with Remco to rent a television set, with the option to purchase the set. The form signed by the plaintiff states that it is a "Rental Agreement with Option to Purchase," and provides that,

> The initial *RENTAL PERIOD* shall be for one (1) month and will start as of 09/12/79.

> \* \* \* \* \* \*

> The undersigned herein called "Renter" whether one or more, does jointly and severally hereby rent from the rental company, herein called "Owner," the above described personal property called "property," at the rental rate set forth above, payable in advance beginning on the commencement date and for the rental period stated above.

> \* \* \* \* \* \*

> *Title and Option*: Title remains at all times in the owner during the time which this rental option agreement is in effect. If renter chooses to rent this property at the rental rate set forth above for 23 consecutive (in a row) rental periods and fulfills all other terms and conditions of this agreement, title to the property shall, at the end of such time, be transferred to the renter in the form of a paid receipt. The renter receives the use and possession of the property for successive one week or one month rental periods as the

case may be, as long as such weekly or monthly rental payments are made on or before the date due and renter complies fully with all agreements and conditions hereof and unless this agreement is terminated as provided below.

\* \* \* \* \* \*

*Termination by Renter*: Renter may terminate this agreement at the end of any rental period by return of the property to owner. Renter is *required* to rent the property for only one rental period.

*Termination by Owner*: Owner may terminate this agreement if renter breaches this agreement by failing to make any rental payment when due or by breach by the renter of any agreement, condition, or representation herein, all of which are agreed to be material.

The plaintiff alleges, as one ground for relief, that the transaction is a "consumer lease" and thus subject to the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 226.15. A "consumer lease" is defined in 15 U.S.C. § 1667(1) as:

> ... a contract in the form of a lease or bailment for the use of personal property by a natural person for a period of time exceeding four months, and for a total contractual obligation not exceeding $25,-000, primarily for personal, family, or household purposes, whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease ...

Regulation Z, 12 C.F.R. § 226.2(mm) provides a similar definition of "consumer lease":

> "Consumer lease" means a contract in the form of a bailment or lease for the use of personal property by a natural person primarily for personal, family or household purposes, for a period of time exceeding four months, for a total contractual obligation not exceeding $25,000 whether or not the lessee has the option to purchase or otherwise become the owner of the property at the expiration of the lease.

■ Both the statutory and regulatory definitions of "consumer lease" contemplate a contract in the form of a lease for a period of time exceeding four months. 15 U.S.C. § 1667(1), Regulation Z, 12 C.F.R. § 226.2(mm), *Smith v. ABC Rental Systems of New Orleans, Inc.*, 491 F.Supp. 127 (E.D. La.1978), *aff'd*, 618 F.2d 397 (5th Cir. 1980). The plaintiff asserts that the agreement with Remco was a lease for a period of twenty-three (23) months. In support of this, the plaintiff notes that, although the plaintiff could terminate the contract after the initial "rental period," the defendant could terminate the agreement only if the plaintiff breached the agreement. In addition, the plaintiff notes that the agreement indicated that the plaintiff had the option of making twenty-three (23) consecutive payments. The plaintiff urges that these facts indicate that the parties contemplated a lease for a period of time beyond four months.

The agreement signed by the plaintiff, however, states clearly that it is a month-to-month rental agreement with an option to purchase and that the "renter" is *required* to rent the property for only one rental period. The record indicates that the plaintiff understood that she had the right to terminate the contract after the initial "rental period" and that she was under no obligation to make payments for any period of time other than for each additional month she chose to use the television set.

■ Accordingly, the Court FINDS that the plaintiff was obligated to rent the television set for a period of one month, and that the lease therefore is not a "consumer lease" within the meaning of 15 U.S.C. § 1667(1) or Regulation Z, 12 C.F.R. § 226.-2(mm).

The plaintiff asserts in the alternative that the transaction was a "credit sale" as defined by 15 U.S.C. § 1602(g) and 12 C.F.R. § 226.2(t) and thus subject to the disclosure requirements of 15 U.S.C. § 1638 and 12 C.F.R. § 226.8. A "credit sale" is defined in 15 U.S.C. § 1602(g) as:

> ... any sale with respect to which credit is extended or arranged by the seller.

The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

The definition of "credit sale" in 12 C.F.R. § 226.2(t) is substantially the same.

█ The term "credit sale" thus contemplates that the lessee must be obligated to pay a sum substantially equivalent to or in excess of the aggregate value of the property. Under the terms of the contract in the present case, the sole obligation of the plaintiff under this agreement was to pay the initial $54.00 rental fee[1] plus an additional $54.00 monthly rental for each month she chose to keep the television set. Thus, the Court FINDS that the plaintiff was not obligated to pay a sum substantially equivalent to the aggregate value of the television set. Accordingly, the Court FINDS that the transaction was not a "credit sale" as defined in 15 U.S.C. § 1602(g) or 12 C.F.R. § 226.2(t) and thus not subject to the disclosure requirements of 15 U.S.C. § 1638 and 12 C.F.R. § 226.8. *See Smith v. ABC Rental Systems of New Orleans, Inc.*, 491 F.Supp. 127 (E.D.La.1978), aff'd, 618 F.2d 397 (5th Cir. 1980); *Stewart v. Remco Enterprises, Inc.*, 487 F.Supp. 361 (D.Neb.1980).

In sum the Court FINDS that the form agreement between the plaintiff, Donna Dodson, and the defendant, Remco Enterprises, is neither a "consumer lease" nor a "credit sale" and thus is not subject to the disclosure requirements of 15 U.S.C. § 1667a and Regulation Z, 21 C.F.R. § 226.-15 or 15 U.S.C. § 1638 and Regulation Z, 12 C.F.R. § 226.8(c).

A further matter before this Court is the issue of damages suffered by Remco Enter-prises for the failure of the plaintiff to pay $216.00 for the months of November, December, January and February during which time she used and possessed the television set which she had agreed to rent. The defendant urges the Court to award $216.00 plus interest and costs as well as a reasonable attorney's fee incurred in connection with the recovery of the television.

█ The parties have stipulated that the plaintiff owes $216.00 in rental payments for the use of the television set and the Court FINDS that the defendant is entitled to $216.00 plus interest running from the date each payment was due until the date of this Order, to be computed at the rate of eight percent (8%). Va.Code § 6.1–330.10 (Cum.Supp.1980).

With respect to the issue of recovering costs plus a reasonable attorney's fee, the agreement signed by both parties provides:

> *Reimbursement of Costs*: Should the renter breach this agreement, renter agrees to pay owner the reasonable costs in connection with owner's expenses incurred in regaining possession of the property or the value thereof, including but not limited to attorney's fees and court costs, if any.

█ The television set was recovered by the defendant pursuant to negotiations between the parties in connection with a proceeding in State court. The proceeding in this Court involved a determination of the applicability of the relevant disclosure requirements to the form agreement utilized by the defendant in this matter. Accordingly, because the attorney's fee incurred in defending this suit was not related to the repossession of the television set as provided in the agreement, the Court DENIES the defendant the right to recover attorney's fees and court costs in this action.

The plaintiff's counsel is DIRECTED to prepare a judgment order consistent with the Court's ruling herein, said Order to be endorsed by defendant's counsel and to be submitted to the Court within fifteen (15) days.

---

1. The agreement also contemplated that the plaintiff would pay a processing fee of $3.00 and an "in-home pickup fee" of $5.00 under certain circumstances.