**William CLARK, Plaintiff,**

v.

**The RENT–IT CORPORATION, Defendant.**

**Civ. No. 80–516–B.**

United States District Court, S. D. Iowa, C. D.

April 24, 1981.

Susan B. Brammer, Des Moines, Iowa, for plaintiff.

Michael Hyzer, Des Moines, Iowa, for defendant.

VIETOR, District Judge.

Plaintiff sues under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq., to recover statutory damages for defendant's failure to comply with the disclosure requirements of the Act. Plaintiff also asserts state pendent claims under the Iowa Consumer Credit Code, Iowa Code § 537.1101 et seq. Defendant has moved to dismiss the federal claim for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and the pendent state claims for lack of subject matter jurisdiction, Fed.R. Civ.P. 12(b)(1).

The complaint alleges the following: On October 13, 1979, plaintiff and defendant entered into a written agreement under which plaintiff rented a television set from defendant for a rental charge of $17 per week. The pertinent portions of the agreement provide:

TITLE AND OPTION: Title remains at all times in the owner during the time which this rental option agreement is in effect. If renter chooses to rent this equipment for 78 consecutive (in a row) weeks at the weekly rental charge shown above, and fulfills all other terms and conditions of this agreement, title to the equipment shall, at the end of 78 weeks, be transferred to renter in the form of a paid receipt. The renter receives use and possession of the property for successive one week terms so long as weekly rental payments are made on or before the date due and renter complies fully with all agreements and conditions hereof and unless this agreement is terminated as provided herein.

TERMINATION BY RENTER: Renter at its option may at any time terminate this agreement by return of the property to owner in its present condition fair wear and tear excepted and by payment of all rental payments due on or during the week of termination. Renter is *required* to rent this equipment for only one week.

Plaintiff rented the TV set until January 24, 1980, when defendant repossessed it. On February 1, 1980, the parties re-established their arrangement by re-delivery of the TV set to plaintiff and execution of a new agreement identical to the original. On August 5, 1980, defendant again repossessed the TV set.[1] Plaintiff's efforts to get defendant to return the TV set were unsuccessful. Defendant considered the agreement terminated.

Plaintiff contends that the agreement is really a sales agreement disguised as a lease agreement and that the transaction is a "credit sale" within the meaning of 15 U.S.C. § 1602(g), which provides:

The term "credit sale" refers to any sale with respect to which credit is extended or arranged by the seller. The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

---

1. Plaintiff does not allege defendant's reason for either repossession, but the agreement provides for termination of the agreement by defendant in the event of nonpayment of rent or other breach by plaintiff.

If the transaction is a "credit sale" defendant was required by 15 U.S.C. § 1638 to make certain disclosures to the plaintiff. If the transaction is not a "credit sale," plaintiff has failed to state a claim for relief under the Truth-in-Lending Act.

Case authority on the issue is limited to a few district court opinions, most of them unpublished. In *Stewart v. Remco Enterprises, Inc.*, 487 F.Supp. 361 (D.Neb.1980), Judge Denney sustained defendant's motion for summary judgment in a similar action holding that the agreement did not fall within the meaning of the term "credit sale" as defined in section 1602(g) because the plaintiff was *required* to pay only one week's rent, a sum less than the value of the TV set. *See Smith v. ABC Rental Systems of New Orleans, Inc.*, 491 F.Supp. 127, 129 (E.D.La.1978). *Contra, Waldron v. Best T.V. & Stereo Rentals, Inc.*, 485 F.Supp. 718 (D.Md.1979). Unpublished district court opinions provided to the court by plaintiff's counsel and citations in *Stewart v. Remco Enterprises, Inc., supra*, 487 F.Supp. at 363, and *Waldron v. Best T.V. & Stereo Rentals, Inc., supra*, 485 F.Supp. at 719 n.2, of other unpublished district court opinions reveal that the courts that have confronted the issue have split rather evenly.

Plaintiff relies on *Waldron v. Best T.V. & Stereo Rentals, Inc., supra*, and unpublished decisions reaching the same result as *Waldron*, which take the view that an agreement like that involved in this case is in substance a conditional sale contract. I do not find this view persuasive because it glosses over the limited obligation of the lessee. Under these agreements the lessee is obligated to rent the chattel for only one week. He is not obligated to rent it for such a length of time that the total rental payments will equal or exceed the value of the rented chattel. On the other hand, a purchaser under a conditional sale contract, although he pays by weekly or monthly installments and is subject to forfeiture of the chattel if he defaults, is obligated to pay the *full* purchase price and is therefore obligated, in the event of default and forfeiture, to pay any deficiency remaining after repossession and resale of the chattel. Furthermore, the seller may choose to invoke other remedies. *See* Part V of Article 9, Uniform Commercial Code—Secured Transactions, Ch. 554 of the Code of Iowa. The difference between the commitments of the weekly lessee and the conditional sale purchaser is substantial.

■ Plaintiff, correctly pointing out the guidance to be received on this issue from the commercial law of the state which governs the contract, cites the following definition language in the Uniform Commercial Code, Iowa Code § 554.1201(37):

> Whether a lease is intended as security is to be determined by the facts of each case; however, * * * an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

I find no support for plaintiff's position in this statutory definition because plaintiff could not become the owner of the TV set "upon compliance with the terms of the lease." He complied with the terms of the lease when he paid $17 rental for one week's possession of the TV set, but he could not become its owner unless he elected to keep renting it for each of the succeeding 77 weeks.

■ Plaintiff suggests that discovery is necessary before the issue presented can be adjudicated and therefore adjudication cannot be made on a motion to dismiss. He predicts that discovery would show that defendant enters into numerous similar transactions and that most customers keep the TV set for 78 weeks and exercise the option to become its owner.[2] If such evi-

---

2. Such anticipated facts would be substantially different from the facts in *Smith v. ABC Rental Systems of New Orleans, Inc.*, 491 F.Supp. 127 (E.D.La.1978), cited in the body of this ruling. In *Smith* defendant's manager testified that 73% of defendant's customers kept their TV sets less than four months and that most of these kept their set one month or less. *Id.* at 128.

dence were discovered, it would be irrelevant. What most customers choose to do would not affect plaintiff's contractual obligation to do no more than rent the TV set for one week at $17. The issue presented is a legal one, not a factual one, and is properly determinable as a matter of law in response to defendant's motion to dismiss.

■ It is this court's conclusion that the agreement between plaintiff and defendant does not constitute a "credit sale" as defined in section 1602(g). A lease giving an option to acquire title is a disguised "credit sale" within the meaning of the statute only if the lessee is *obligated* to pay rent in an aggregate sum equal to or in excess of the value of the rented property.

Defendant's motion to dismiss must be sustained as to plaintiff's federal claim, Count I of the complaint, and because the federal claim is being dismissed it is appropriate to also dismiss the pendent state claims, Counts II and III. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Defendant's motion to dismiss is sustained and the clerk is directed to enter judgment in favor of the defendant and dismiss plaintiff's complaint.